UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
GVANTSA BITSADZE,

                              Plaintiff,                           CIVIL ACTION NO.

                 -against-                            COMPLAINT

LISA SIMONSEN and CHARLES N. ATKINS,

                              Defendants.
---------------------------------------------------------------------------X

Plaintiff Gvantsa Bitsadze ("Plaintiff"), by her attorneys, Katz Melinger PLLC, complaining of the defendants, Lisa Simonsen ("Simonsen") and Charles N. Atkins ("Atkins") (collectively, "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1.       This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and the Connecticut Minimum Wage Act, Conn. Gen. Stat. §§ 31-68 *et seq.* ("CMWA").

2.       This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA and the NYLL.

3.       This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4.       Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants employed their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendants.

7. At all relevant times, Plaintiff was a non-exempt employee of Defendants within the meaning of the FLSA, the NYLL, and the CMWA.

8. Defendant Simonsen is an individual residing, upon information and belief, in the State of New York.

9. Defendant Atkins is an individual residing, upon information and belief, in the State of New York.

10. Upon information and belief, Simonsen and Atkins are married and jointly employed Plaintiff as a nanny.

11. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the FLSA, the NYLL, and the CMWA.

12. Defendants are subject to suit under the statutes alleged above.

## III. Factual Allegations

13. Plaintiff worked for Defendants as a nanny from in or around September 2019 until on or around May 2021.

14. As a nanny, Plaintiff was required to take care of Defendants' children, including a toddler and a young child, as well as perform other domestic services such as cooking, cleaning, taking out the trash, laundry, grocery shopping, and other household tasks as instructed by Defendants.

15. From the start of her employment until in or around January 2020, Plaintiff was scheduled to work between three (3) and six (6) days per week, from approximately at 6:30 a.m. until 10:30 p.m. each day.

16. From in or around January 2020 until in or around March 2020, Plaintiff worked the same hours but was only scheduled to work between three (3) and five (5) days per week.

17. Between in or around March 2020 and in or around June 2020, Plaintiff's schedule remained largely the same, although Plaintiff started work slightly later in the morning, between 7:00 a.m. and 8:00 a.m., since the children's schools were closed due to the COVID-19 pandemic.

18. Between in or around June 2020 and in or around July 2020, Plaintiff worked for Defendants at a house in Connecticut, during which time Plaintiff traveled to Connecticut on Friday afternoons and worked until returning to New York on Monday afternoons.

19. In or around August 2020, Defendants returned to their home in New York and Plaintiff returned to her prior work schedule of three (3) to five (5) days per week.

20. However, starting in or around September 2020, Plaintiff again began her work days at approximately 6:30 a.m. when Defendants' children returned to school.

21. Between in or around November 2020 and the end of her employment, Plaintiff worked three (3) days per week, from Friday morning to Monday morning.

22. On the days that she worked, Plaintiff was required to sleep in Defendants' home and often had her sleep interrupted by Defendants' children, requiring Plaintiff to work beyond her scheduled hours.

23. For example, the young child often had difficulty falling asleep and/or woke up several times during the night, requiring Plaintiff to sit with the young child until the child fell back asleep.

24. Plaintiff and the children were also awoken at night by loud music, television, and/or arguments from Defendants and/or their teenage child.

25. Plaintiff was not provided with her own room, and instead shared a room with Defendants' toddler, to whom Plaintiff would also attend if the toddler woke up during the night.

26. Additionally, Plaintiff frequently ate her meals while watching the children or otherwise performing domestic duties, and sometimes missed meals altogether because she was instructed to run errands or was otherwise too busy to take a meal break.

27. As a result, on most days she worked, Plaintiff was not afforded at least eight (8) hours of sleep, including (5) five hours of uninterrupted sleep, or three (3) hours of uninterrupted meal breaks.

28. Moreover, Plaintiff was not provided with private sleeping quarters and typically shared a room with Defendants' youngest child.

29. Pursuant to the applicable regulations, including 12 N.Y.C.R.R. 142-2.1, Plaintiff is deemed to have worked twenty-four (24) hours per day on any day in which she was not afforded the requisite meal and rest breaks.

30. Throughout her employment, Plaintiff was paid a fixed daily rate regardless of the number of hours she worked.

31. At the start of her employment, Plaintiff was paid $250.00 per day.

32. After a few days, Plaintiff requested a raise and Defendants increased Plaintiff's compensation to $280.00 per day.

33. In or around March 2020, Defendants increased Plaintiff's compensation to $285.00 per day.

34. Defendants did not require Plaintiff to clock in and out and did not otherwise record Plaintiff's work hours.

35. Throughout her employment, Plaintiff was a non-exempt employee pursuant to the FLSA, the NYLL, and the CMWA, and was entitled to be paid at least the minimum wage rate for all hours worked, overtime compensation for all hours worked in excess of forty (40) hours per week, and spread of hours wages equal to one (1) additional hour of work at the applicable minimum wage rate for each day in which Plaintiff's shift exceeded ten (10) hours.

36. However, despite routinely working more than forty (40) hours per week and more than ten (10) hours per day, Plaintiff was not paid overtime compensation equal to one and one-half (1.5) times her regular hourly rate of pay or the minimum wage rate, whichever is greater, for all hours worked over forty (40) per week or spread of hours wages for each day Plaintiff in which Plaintiff's shift spanned more than ten (10) hours.

37. Moreover, based on the amount of Plaintiff's fixed daily wage, Plaintiff's regular hourly rate of pay often fell below the applicable New York and Connecticut minimum wage rates.

38. Although Defendants were supposed to pay Plaintiff her wages on a weekly basis, Defendants frequently paid Plaintiff her wages late, sometimes paying Plaintiff two (2) or three (3) weeks' of wages at once.

39. Defendants also failed to furnish to Plaintiff, at the time she was hired or at any time thereafter, a notice containing her rate of pay, the designated payday, or other information required by NYLL § 195(1).

40. Plaintiff also did not receive, with each wage payment, a statement listing her regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

**AS AND FOR A FIRST CAUSE OF ACTION**
(Overtime Violations Under the FLSA)

41. Plaintiff repeats and realleges all prior allegations set forth above.

42. Pursuant to the applicable provisions of the FLSA, Plaintiff is entitled to overtime compensation of one and one-half (1.5) times her regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

43. Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

44. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times her regular hourly rate of pay for each hour worked in excess of forty (40) hours in a week.

45. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

46. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent (100%) of the total wages due to her ("liquidated damages").

47. Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of her unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Overtime Violations Under the NYLL)

48. Plaintiff repeats and realleges all prior allegations set forth above.

49. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times her regular hourly rate of pay or the

6

applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

50. Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

51. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times her regular hourly rate of pay for each hour worked in excess of forty (40) hours in a week.

52. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

53. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

54. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of her unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
(Overtime Violations Under the CMWA)

55. Plaintiff repeats and realleges all prior allegations set forth above.

56. Pursuant to the applicable provisions of the CMWA, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times her regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

57. Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

58. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times her regular hourly rate of pay for each hour worked in excess of forty (40) hours in a week.

59. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

60. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

61. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of her unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Minimum Wage Violations under the NYLL)

62. Plaintiff repeats and realleges all prior allegations set forth above.

63. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to receive at least the statutory minimum wages for all hours worked.

64. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff at least the statutory minimum wages for all of the hours she worked.

65. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

66. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

67. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Minimum Wage Violations under the CMWA)

68. Plaintiff repeats and realleges all prior allegations set forth above.

69. Pursuant to the applicable provisions of the CMWA, Plaintiff was entitled to receive at least the statutory minimum wages for all hours worked.

70. During the period in which Plaintiff worked at Defendants' home in Connecticut, Defendants knowingly failed to pay Plaintiff at least the statutory minimum wages for all of the hours she worked.

71. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

72. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

73. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Spread of Hours Violations Under the NYLL)

74. Plaintiff repeats and realleges all prior allegations

75. Plaintiff regularly worked shifts that spanned more than ten (10) hours per day.

76. Defendants willfully failed to pay Plaintiff additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which she worked shifts that exceeded ten (10) hours.

77. By failing to pay Plaintiff spread of hours pay, Defendants have willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

78. As a result of Defendants' violations of the law and failure to pay Plaintiff the required spread of hours pay, Plaintiff has been damaged and is entitled to recover from Defendants all spread of hours wages due, along with reasonable attorneys' fees, interest, and costs.

79. As Defendants did not have a good faith basis to believe that their failure to pay spread of hours wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

80. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the amount of her unpaid spread of hours wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Timely Pay Wages under the NYLL)

81. Plaintiff repeats and realleges all prior allegations set forth above.

82. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid her earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

83. During the relevant period, Defendants routinely failed to pay Plaintiff all of her earned wages in accordance with the agreed-upon terms of employment.

84. During the relevant period, Defendants failed to timely pay Plaintiff all of her earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

85. Throughout the relevant period, Defendants failed to timely pay Plaintiff all overtime wages earned by Plaintiff, in violation of NYLL § 191(1)(a)(i).

86. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

87. As Defendants did not have a good faith basis to believe that their failure to timely pay wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

88. Judgment should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Failure to Provide Payroll Notices Under the NYLL)

89. Plaintiff repeats and realleges all prior allegations.

90. Defendants failed to furnish to Plaintiff, at her time of hire or at any time thereafter, notices containing her rate or rates of pay and basis thereof; allowances, if any, claimed as part of

the minimum wage; her regular pay day designated by the employer; and other information required by NYLL § 195(1).

91. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

92. Judgment should be entered in favor of Plaintiff and against Defendants on the Eighth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Failure to Provide Wage Statements Under the NYLL)

93. Plaintiff repeats and realleges all prior allegations.

94. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: her regular and overtime rates of pay and basis thereof; the number of regular and overtime hours she worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

95. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

96. Judgment should be entered in favor of Plaintiff and against Defendants on the Ninth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all minimum wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for all minimum wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for all spread of hours wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for all wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

h) on the Eighth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

i) on the Ninth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

j) interest;

k) costs and disbursements; and

l)  such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 15, 2022

*/s/ Adam Sackowitz*
Adam Sackowitz
Katz Melinger PLLC
370 Lexington Avenue, Suite 1512
New York, New York 10017
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
ajsackowitz@katzmelinger.com
*Attorneys for Plaintiff*
